IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

AUSTIN GARRICK SMITH,
    Plaintiff,

v.

GWINNETT COUNTY BOARD OF
COMMISSIONERS; and OFFICER J.L. BING,
    Defendants.

Civil Action No.
1:23-cv-02654-SDG

**OPINION AND ORDER**

This case is before the Court on Defendant Gwinnett County Board of Commissioners' motion to dismiss [ECF 16]. After careful consideration of the briefing, the Court **GRANTS** the motion and **DISMISSES** this case. Plaintiff's motion to extend his time to respond to the motion and amend his complaint [ECF 17] is **GRANTED nunc pro tunc**, and the motion to extend time to serve Officer Bing [ECF 21] is **DENIED** as moot.

**I.   Background**[1]

This case stems from Smith's arrest in 2017.[2] According to Smith, he was driving a friend on the evening of October 30, 2017, when he was pulled over by

---

[1] Because the Court granted Smith's motion to amend his pleading, the pleading filed at ECF 20 is the operative complaint.

[2] ECF 20, at 5.

1

Officer Bing.[3] Officer Bing informed Smith that he pulled him over for speeding.[4] During the interaction with Smith, Officer Bing noted that he smelled alcohol and asked Smith to step out of the vehicle.[5] Smith asked if he could submit to a breath alcohol test instead of field sobriety tests, and also asked if he could simply be given a citation because he had legal insurance that would cover his costs.[6] Officer Bing then allegedly arrested Smith for driving under the influence, handcuffed him, and placed him in the patrol car.[7] Ultimately, Smith was charged with (a) DUI Less Safe - O.C.G.A. § 40-6-391(a)(l), (b) Speeding - O.C.G.A. § 40-6-181, (c) Reckless Driving - O.C.G.A. § 40-6-390, (d) No Valid Tag – O.C.G.A. § 40-2-8(b)(2)(a), and (e) Failure to Display License - O.C.G.A. § 40-5-29.[8] Smith alleges he was required to post "higher than normal bond due to the additional frivolous charges added by Officer Bing."[9] He was released that same evening.[10]

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* at 5–6.

[7] *Id.* at 6.

[8] *Id.* at 7.

[9] *Id.*

[10] *Id.*

Soon after, Smith inquired with Hyatt Legal Plans, with whom he claims he maintained legal insurance.[11] Hyatt informed him that it would not provide coverage because he was charged with DUI.[12] Smith alleges that Officer Bing knew that legal insurance does not cover DUI charges and added the DUI charge so that Smith would not be eligible for coverage.[13]

Smith "appeared in State Court numerous times over the next few years" while dealing with the charges.[14] Of particular concern to Smith is his alleged violation of O.C.G.A. § 40-2-8(b)(2)(A), which according to him, "has been exploited to punish tag violations with the full breadth of a misdemeanor. This exploitation by multiple distinct roles involved conspires to deprive Constitutional rights afforded by due process and unusual punishment through established practice and unwritten policy."[15] Regardless, on February 10, 2020, "dismissal was initiated by the Solicitor for all citations except the speeding citation issued by Officer Bing during a non-negotiated plea."[16]

---

[11]   *Id.* at 8.

[12]   *Id.*

[13]   *Id.*

[14]   *Id.*

[15]   *Id.*

[16]   *Id.*

Smith initiated this case against Officer Bing and Gwinnett County on June 12, 2023, nearly six years after the October 2017 events and over three years after all charges were dropped.[17] Smith brings claims under 42 U.S.C. § 1983, alleging violations of the Fourth, Eighth, and Fourteenth Amendments. In his amended complaint, Smith attempts to add a § 1981 claim for interference with contract.[18]

Prior to Smith amending his complaint, Gwinnett County moved to dismiss.[19] Smith then responded to the motion,[20] amended his complaint,[21] and moved for an extension of time to perfect service on Officer Bing.[22] Gwinnett County replied, indicating that the amended pleading did not overcome the deficiencies identified in its motion and thus, argues that its motion should still be granted.

## II.   Legal Standard

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010)

---

[17]   ECF 1.
[18]   ECF 20.
[19]   ECF 16.
[20]   ECF 18.
[21]   ECF 20.
[22]   ECF 21.

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads the factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). However, this principle does not apply to legal conclusions set forth in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When a plaintiff chooses to proceed *pro se*, his or her complaint is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, the Court "need not accept as true legal conclusions or unwarranted factual inferences" contained in complaints filed by *pro se* litigants. *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2006) (quotation and citation omitted). And furthermore, *pro se* plaintiffs are required to comply with threshold requirements of the Federal Rules of Civil Procedure. *Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002).

**III.    Discussion**

Gwinnett County argues that Smith's claims should be dismissed because they are time barred, that the claims against Officer Bing must be dismissed for failure to properly serve him, and because Smith has failed to otherwise state a claim based on municipal and qualified immunity. The Court agrees that Smith's claims are time-barred and thus, need not address the additional arguments.

All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the action has been brought. *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). Where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the State's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 235 (1989). However, the statute of limitations for a plaintiff's constitutional claims begins to run "[when] the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006).

Smith filed his complaint in Georgia, where the alleged violations of his rights occurred and where the general personal injury statute of limitations period is two years. O.C.G.A. § 9–3–33. The actions that Smith alleges as the foundation of his (unspecified) constitutional claims were completed some point prior to

February 10, 2020, when his Gwinnett County case was dismissed.[23] He did not file this complaint until June 12, 2023, well over three years after the last plausible date any claim began to accrue. Even considering the emergency tolling of the statute of limitations based on the Covid-19 pandemic, his claims are still time barred.[24] Additionally, Smith's attempt to add a § 1981 claim for interference with contract in his amended complaint fails since he alleges no additional facts that plausibly support such a claim.

**IV.   Conclusion**

The Court **GRANTS** Gwinnett County's motion [ECF 16]. This case is **DISMISSED with prejudice**. Plaintiff's motion to extend time [ECF 17] is

---

[23]   For purposes of this Order, the Court is using the latest possible date any potential claim could have accrued. In fact, the statute of limitations for most of his potential claims likely began to run as early as October 30, 2017, the date on which this suits' triggering events occurred.

[24]   The Georgia Supreme Court issued several orders that declared a statewide judicial emergency and extended the statute-of-limitations deadlines due to the Covid-19 pandemic. The court declared that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." Third Order Extending Declaration of Statewide Judicial Emergency (June 12, 2020), available at https://www.gasupreme.us/court-information/court_corona_info/ [https://perma.cc/QN27-DCYJ].

**GRANTED nunc pro tunc**, and the motion to extend time to serve Officer Bing [ECF 21] is **DENIED** as moot. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 30th day of September, 2024.

_____
Steven D. Grimberg
United States District Judge
